891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David ENGLER, Petitioner-Appellant,
v.
Ralph EVITTS, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 89-5386.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the judgment of the district court dismissing his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David Engler brought a petition for habeas corpus relief on the grounds that he was denied due process because the trial court failed to hold a hearing to determine his competence to stand trial and that he was denied effective assistance of counsel because the trial court allowed him to proceed pro se despite doubts as to his mental condition.
 
 
 3
 The Kentucky Supreme Court affirmed Engler's conviction on direct appeal, holding that, based on the record of the case and the psychiatrist's report, the failure to hold a competency hearing was not reversible error. Upon review of the record, the magistrate held that no evidence contained in the record or asserted by the parties had cast doubt upon Engler's mental condition. Therefore, no reasonable doubt as to Engler's competence was created, and thus the trial court properly declined to hold a competency hearing. Upon de novo review, the district court adopted the magistrate's report and recommendation over Engler's objections and dismissed the petition.
 
 
 4
 Our review of the record and briefs reveals no error. Under the circumstances of this case, the trial judge was not obligated to hold a hearing to determine Engler's competency to stand trial. He was not denied due process or effective assistance of counsel.
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the magistrate's report and recommendation dated December 5, 1988, as adopted by the district court on March 16, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.